# United States District Court
# Southern District of Florida

## Case #



FILED BY _____ D.C.

OCT 07 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Thomas Burgess

Pro-se Plaintiff

vs.     **Demand for jury trial**

U.S. Xpress Inc

Defendant

_____/

## **<u>Complaint and Demand for Jury Trial</u>**

-1-

Comes now, the plaintiff, Thomas Burgess, acting pro-se in the above-styled matter and herein respectfully files a complaint and demand for jury trial.

All for GOOD CAUSE the plaintiff shall now aver as follows:

# **Introduction**

1. This is a civil action for damages in excess of fifty thousand dollars ($50,000.00) exclusive of interest, cost, emotional distress, punitive damages, ETC.

2. The defendant violated Title VII of the Civil Rights Act of 1964 based on the defendant having a hiring policy that has a disparity impact towards African Americans.

3. This is a Race Discrimination lawsuit.

-2-

## <u>Jurisdiction</u>

4. This court has jurisdiction over this matter under
   28 U.S.C. 1331.

## <u>Venue</u>

5. Venue is proper in the Southern District of Florida the
   plaintiff is a lifelong resident of Palm Beach County
   Florida, also the work duties the plaintiff would have
   performed for the defendant would have been in the
   Southern District of Florida, the plaintiff has photos of the
   defendant's semi trucks doing "Family Dollar" work in
   Palm Beach County Florida.

## <u>Parties</u>

6. Plaintiff Thomas Burgess is a lifelong resident of Palm
   Beach County Florida and is appearing pro-se in this
   matter.

-3-

7. Defendant U.S. Xpress Inc is a semi truck company that transports goods all over the lower 48 States of the United States of America, and their address is:

   4080 Jenkins Rd
   Chattanooga, TN 37421

## **Pro-se Statement**

8. The plaintiff is pro-se and untrained in the law, and therefore request this court to review his filings as outlined in <u>Haines vs. Kerner</u>, 404 U.S. 519 (1972).

9. Also please note that Burgess is a semi truck driver and drives ten hours a day in sometimes five different States a day and cannot study law while driving a semi truck.

## **Factual Allegations**

10. Plaintiff Burgess was released from prison after serving 8 years in federal prison for crack cocaine, please See Case # 9:11-cr-80012-DMM.

-4-

11. Burgess was also unlawfully shot by the police, please see the following case number and case law:

Palm Beach County Court House, State of Florida, Case # 2007-cf-013696-AXXXmb (DE # 572).

Case Law <u>Burgess vs. Bradshaw</u>, 626 F. Appx 257 (11th Cir. 2015).

12. Burgess's attorney was also found to have violated Burgess's Sixth Amendment right to Effective Assistance of Counsel under <u>Strickland vs. Washington</u>, 466 U.S. 668 (1984), please see Case # 2007-cf-013696-AXXXmb (DE # 572).

13. Burgess went through seven years of ligation under State of Florida Case # 2007-cf-013696-AXXXmb, and it was undisputed that Burgess claim to be innocent and wanted to stand trial, See (DE # 572, bottom of page 2 and the top of page 3, and see bottom of page 6 and the top of page 7).

-5-

14. Burgess even took up an appeal with the 4th DCA Court of Appeals over evidence that the prosecutor was holding back that would have exonerated Burgess, See State of Florida, 4th DCA Court of Appeals, Appeal # 4D-2009-1877.

15. Burgess's attorney allowed evidence and witnesses in Burgess's favor to disappear, in violation of <u>Strickland vs. Washington</u>.

16. Shortly after Burgess's attorney was found to have violated <u>Strickland vs. Washington</u>, Burgess accepted a plea deal under <u>North Carolina vs. Alford</u>, 400 U.S. 25 (1970), commonly known as an "Alford Plea", Please see Case # 2007-cf-013696-AXXXmb (DE # 620).

17. Burgess accepted the "Alford Plea" based on the fact that he was allowed to maintain his innocence under the plea, the plea involved no jail time, the sentence was ran concurrent to a federal prison term that Burgess was already four years into, and after seven years of ligation, witnesses and evidence in Burgess's favor had disappeared, this is the sole purpose of an "Alford Plea".

-6-

18. While in prison Burges did a 500 hour drug program and several other rehabilitation classes, Burgess also did several education courses and earned his GED, please note that this evidence will be shown to the jury at the trial, Burgess does not want to attach over 50 certificates to his complaint during the pleading stage.

19. Burgess was released from prison early under President Trump's "First Step Act" program, which was in the Sun Sentinel News paper on Trump's last day in office from his first term.

20. After Burgess was released from prison he did several rehabilitation classes, which will be shown to the jury at the trial.

21. Burgess grew an interest in Semi Truck work shortly after his release from prison.

22. Burgess saved his money washing dishes at a restaurant in order to put himself through truck driving school.

-7-

23. Burgess graduated truck driving school in December of 2019, just ten months after his release from prison, then one month later covid-19 hit.

24. Burgess began calling up trucking companies all for a job and ran into road blocks for many different reasons.

25. Because Burgess was never able to find a job he ended up in a homeless shelter.

26. From the homeless shelter Burgess was able to get a student loan to do a refreshing course class for truck drivers.

27. Burgess did the refreshing course class from "The CDL School Miami", in Miami Florida.

28. Burgess graduated "The CDL School Miami" in August of 2021, and was able to find his first job as a semi truck driver in August of 2021 through the school.

-8-

29. Burgess's first load as a semi truck driver was from Florida to California, a 2,500 mile drive, and all Burgess was paid for that load was $38.00 — the only trucking companies willing to hire Burgess is the ones that like to scam drivers out of wages.

30. Burgess worked for two semi truck companies that resulted in wage theft lawsuits filed which ended in Burgess's favor — Burgess was pro-se on those lawsuits.

31. Burgess first made contact with the defendant U.S. Xpress in November of 2021.

32. Burgess was on federal probation in November of 2021, See Case # 9:11-cr-80012-DMM (DE # 173).

33. Burgess's first employer as a semi truck driver stole Burgess's wages, so Burgess was looking for a new trucking company to work with when Burgess first made contact with the defendant.

-9-

34. Burgess spoke to a recruiter of the defendant in November of 2021, and the recruiter was able to verify Burgess's experience as a semi truck driver.

35. The defendant requires three months or more of experience as a semi truck driver, and in November of 2021 Burgess only had two months of semi truck driving experience, therefore the recruiter told Burgess to call back after he had the required three months of experience.

36. The recruiter also told Burgess that U.S. Xpress would not hire him while on active probation, which triggered Burgess to file for an early termination off of probation which was granted.

37. Burgess then went on to work for another semi truck company.

38. Burgess then reapplied to work for the defendant in January of 2025 for a driver job, please see Exhibit "A".

-10-

39. In January of 2025 Burgess had three years of semi truck driving experience and had driven in 38 States in a semi truck, and had a clean driving record.

40. When Burgess reapplied with the defendant in January of 2025 he was working for a semi truck company that he no longer wanted to work for.

41. Burgess was then informed by the defendant that his application was rejected due to his criminal history record.

42. The defendant continued to hire new drivers after unlawfully denying Burgess a job.

43. Social media and youtube shows that the defendant continues to hire new drivers.

44. Burgess then filed a complaint with the EEOC, please see Exhibit "B".

45. The defendant filed a position statement with the EEOC, please see Exhibit "C".

-11-

46. The EEOC then issued Burgess a notice of right to sue, See Exhibit "D", this lawsuit now follows, and notice of intent to sue was mailed out, See Exhibit "E".

## **Count One**

## **Title VII - Violation of The Civil Rights Act of 1964**

47. The plaintiff hereby repeats and reallages all the preceding paragraphs as set forth above.

48. Under Title VII of The Civil Rights Act of 1964 it it unlawful for employers to habitually refuse employment to felons whose criminal acts is in no way related to the job duties applied for.

49. Plaintiff Burgess's criminal history record is in no way directly related to the job duties applied for with the defendant to be a semi truck driver.

50. The first time Burgess drove a semi truck was after his release from prison.

-12-

51. Burgess is an African American man and is a protected member under Title VII.

52. Burgess was qualified for the position he applied for with the defendant to be a semi truck driver.

53. Burgess currently has over three years of over the road experience as a semi truck driver, and Burgess has driven in 38 States in a semi truck, and Burgess currently delivers to a lot of the same distribution centers that the defendant delivers too.

54. Burgess also has a clean driving record.

55. The defendant's unlawful hiring policy has a disparity impact towards African Americans in violation of Title VII of The Civil Rights Act of 1964.

## **Statistical Evidence:**

56. The plaintiff was convicted in federal court for crack cocaine, See Case # 9:11-cr-80012-DMM.

-13-

57. As is evidence of the Fair Sentencing Act of 2010 80% of crack cocaine convictions were African American men just like Burgess, and the sentencing guidelines for crack cocaine offenders had a disparity impact towards African Americans, See <u>United States vs. Arrington</u>, 73 F.3d 144 (7th Cir. 1996).

58. The plaintiff received relief from his sentence due to the Fair Sentencing Act of 2010, See Case # 9:11-cr-80012-DMM (DE # 168).

59. The United States Sentencing Commission has data on their website which shows 77.1% of crack cocaine convictions were African Americans, and 14.9% were Hispanic, See Exhibit "F".

60. Therefore over 80% of crack cocaine offenders are protected members under Title VII.

61. The EEOC also has data on their website that shows 1 in 3 African Americans are convicted felons, See Exhibit "G".

-14-

62. The EEOC also has on their website data that shows an employer's neutral policy excluding applicants from employment based on certain criminal conduct may disproportionately impact some individuals protected under Title VII and may violate the law if not job related and consistent with business necessity (disparate impact liability), See Exhibit "G".

63. Please note that the full enforcement guidance of the EEOC is large in volume and that the plaintiff only attached the pages relevant during the pleading stage, however the full enforcement guidance of the EEOC can be found on google.

64. There is data that shows African Americans are three time more likely to be killed by the police then whites, See Exhibit "H".

65. The plaintiff was unlawfully shot by the police and elected to stand trial but his chances of a fair trial were ruined after his lawyer was found by a judge to have violated the plaintiff's Sixth Amendment right to effective assistance of counsel, which gave the plaintiff no choice but to accept an "Alford Plea" that involved no jail time.

-15-

66. The above information shows that the plaintiff is part of a protected Title VII group of 80% or more that the defendant will never hire for a job, which is a violation of Title VII of The Civil Rights Act of 1964.

67. For the defendant to deny employment of 80% or more of a protected Title VII group is a disparity impact towards that group in violation of Title VII of The Civil Rights Act of 1964.

## **Blanket ban hiring policy:**

68. The defendant has a blanket hiring policy of not hiring job applicants who have a felony conviction.

69. The "Green Factors" set a guidance for an employer to follow in order to avoid a disparity impact violation towards a protected group under Title VII, which in this case the defendant failed to follow, See Green vs. Missouri Pacific Railroad Company, 532 F.2d 1290 (8th Cir. 1975).

-16-

70. The three "Green Factors" are:

    (a) The nature and gravity of the offense or conduct;

    (b) The time that has passed since the conduct; &

    (c) The nature of the job held or sought.

71. The nature and gravity of the plaintiff's entire criminal history record in minimal in nature and does not directly relate to the job duties of a semi truck driver.

72. The plaintiff's offense date for his criminal conduct is 9-19-2007 which was 18 years ago, and the plaintiff was released from prison on 1-24-2019 which was nearly 7 years ago, 12-7-2021 which was nearly 4 years ago.

73. The plaintiff has over 3 years of semi truck driving experience and has driven in 38 States in a semi Truck, and the plaintiff delivers to a lot of the same distribution centers as the defendant delivers too.

-17-

74. The plaintiff also has a clean driving record.

75. The plaintiff also has a Youtube video that teaches drivers how to check the breaks on a semi truck and it can be found on Youtube by looking up: "Thomas Burgess CDL".

76. The defendant's hiring policy failed to consider the plaintiff's criminal history record as minimal in nature.

77. The defendant's hiring policy failed to consider the fact that the plaintiff's offense date for his criminal conduct is nearly 20 years old.

78. The defendant's hiring policy failed to consider the fact that the plaintiff has over three years of over the road semi truck driving experience and has driven in 38 States in a semi truck.

79. The defendant's hiring policy failed to consider the fact that the plaintiff's criminal conduct is in no way directly related to the job duties of a semi truck driver.

-18-

80. The defendant's hiring policy failed to consider mitigating circumstances & rehabilitation efforts surrounding the plaintiff's criminal conduct.

81. The defendant's hiring policy failed to consider the fact that the plaintiff has been out of prison for nearly seven years with no arrest with law enforcement and the plaintiff has been off of probation for nearly four years.

82. The insurance rate for a driver who has a felon conviction is higher as to those with no felony conviction.

83. The defendant has a hiring policy of searching for drivers that can give them low insurance rates, which has a disparity impact on African Americans due to the fact that 1 in 3 African Americans are convicted felons.

84. The only thing the defendant cares about is money and low insurance rates, the defendant rather hire non-english speaking drivers with no verified work history so they can get a low insurance rate.

-19-

85. The defendant also believes that people don't change and deserve a second chance at life, which has a disparity impact towards African Americans due to the fact that 1 in 3 African Americans are convicted felons.

86. The above facts clearly show that the defendant has a blanket hiring policy of not hiring applicants with a felony conviction, which has a disparity impact towards a protected Title VII group of 80% or more of African Americans, which violates Title VII of The Civil Rights Act of 1964.

87. For the defendant to deny employment to the plaintiff at this stage of the plaintiff's life is the same as denying 2 in 3 African Americans employment, and is a disparity impact towards African Americans in violation of Title VII.

88. The defendant's failure to follow the "Green Factors" test causes a disparity impact towards African Americans who are rehabilitated, and 100% supports the fact that the defendant has a blanket hiring policy of not hiring job applicants with a felony conviction, which violates Title VII.

-20-

89. As a direct and proximate result of said unlawful actions by the defendant and in disregard of plaintiff's rights and sensibilities the plaintiff has suffered emotional distress and other consequential damages.

## **Jury Demand**

90. The plaintiff hereby request trial by jury under <u>Fed.R.Civ.P.</u> 38(b) on all the above issues.

91. Burgess will be requesting an African American jury to hear this case.

## **Prayer for Relief**

92. Wherefore the plaintiff Thomas Burgess prays that this court will grant the following relief:

(a) Enter judgment in favor of the plaintiff and against the defendant for violation of Title VII of The Civil Rights Act of 1964.

-21-

(b)  Declare that the actions of the defendant
     Constituted unlawful discrimination.

(c)  Award Burgess compensatory damages including
     but not limited to emotional distress & punitive
     damages in the maximum amount allowed for a
     total of $300,000.00.

(d)  Award Burgess out of pocket expenses as a result
     of this action.

(e)  Grant Burgess any other relief as this court deems
     just and proper.

-22-

# <u>Certificate of Service/mailing</u>

I Thomas Burgess hereby declare under the penalty of perjury pursuant to 28 U.S.C. 1746 that the forgoing is true and correct and also that I emailed a true copy of the forgoing to the attorney for the defendant located at:

Jessica Hamadeh
U.S. Xpress - General Counsel
4080 Jenkins Road
Chattanooga, TN 37421

**Dated:** 10-6-2025

Thomas Burgess
thomasb33407@outlook.com
1860 North Tamarind Ave
Apt # 3
West Palm Beach, FL 33407

-23-